plaintiff's accident. Although the storm in progress doctrine applies in common-law negligence cases, it does not apply to 12 NYCRR 23-1.7 (d) because "[t]hat subdivision includes no exception for storms in progress" (*Rothschild v Faber Homes*, 247 AD2d 889, 890 [1998]). Moreover, plaintiff testified at his deposition that he did not know whether Tishman laborers were responsible for snow removal at the site. If plaintiff saw a dangerous condition, he would report it to the labor foreman, who would then direct the Tishman laborers accordingly. Even if snow removal fell within the scope of plaintiff's responsibilities, such would only be relevant in determining comparative fault, and would not require a grant of summary judgment in defendants' favor.

Plaintiff's Labor Law § 200 and common-law negligence claims are dismissed, as plaintiff concedes that these claims are not viable as against defendants. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.

■ RIICHIRO FUJII, Respondent, v K2 ADVISORS, L.L.C., et al., Appellants. [918 NYS2d 343]—

Concur—Saxe, J.P., Friedman, McGuire, Abdus-Salaam and Román, JJ.

■ 1 MODEL MANAGEMENT, LLC, Appellant, v ALI KAVOUSSI, Respondent. [918 NYS2d 431]—